IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY TATE,

    Plaintiff,

vs.

JEANNE WOODFORD, et al.,

    Defendants.

CV F 04 6604 OWW WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison, brings this civil rights action against defendant correctional officials for conduct that occurred while Plaintiff was housed at Corcoran State Prison (CSP) and Pleasant Valley State Prison (PVSP). Plaintiff names the following individual defendants: James Yates, Warden at PVSP; Michael Bendon, Chief Medical Officer at PVSP; K. Nicholes, Staff Physician at PVSP; S. Raman, Physician at CSP; A. Loaiza, Physician at CSP;  D. Sylvester, Appeals Coordinator at PVSP; C. Rodriguez, Correctional Lieutenant at CSP.

    The allegations of the complaint stem from Plaintiff's medical treatment.  In November of 2003, Plaintiff was transported to an outside medical facility for treatment. Plaintiff was

diagnosed with Valley Fever, a form of pneumonia.  Upon discharge from the outside hospital, Plaintiff was transported to the CSP Corcoran Acute Care Hospital.  Plaintiff was placed in administrative isolation.

Plaintiff was eventually discharged from the Acute Care Hospital.  Plaintiff filed an application "for inclusion of the benefits of the services, programs and activities of the department, . . . .by and under the Americans With Disabilities Act."  Defendant Sylvester denied the application on the grounds that the application contained "too much verbiage" and the activities "did not appear to be an ADA issue."

Plaintiff re-submitted his application, along with a memorandum "to which re-assert ADA qualification."  Plaintiff alleges that "to date, defendants Yates, Bendon, and Sylvester is yet to ensure plaintiff's mandatory personal interview of all claims made ripe by the evidence in this complaint."

Plaintiff files this complaint pursuant to 42 U.S.C. § 1983.  Plaintiff also claims a violation of the Americans With Disabilities Act, 42 U.S.C. § 12132.

Section 1983 claims

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The

Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Here, Plaintiff fails to charge any of the named defendants with conduct that amounts to deliberate indifference. In order to state a claim, Plaintiff must allege specific facts indicating that each named Defendant knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff. Plaintiff has failed to do so. Any Eighth Amendment claim must therefore be dismissed.

ADA Claim

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132 (1994); Weinreich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). To state a claim of disability discrimination under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive

the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

Here, Plaintiff fails to allege with specificity what benefit, service or activity he was deprived of. Plaintiff also fails to allege facts indicating that the denial was based upon his disability. That Plaintiff was diagnosed with valley fever and that Plaintiff's ADA grievance was denied does not, of itself, state a claim for relief. Plaintiff does not allege facts that state a claim for relief.

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   August 9, 2006**             /s/  **William M. Wunderlich**
mmkd34                              UNITED STATES MAGISTRATE JUDGE