IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY TATE,

        Plaintiff,

   vs.

JEANNE WOODFORD, et al.,

        Defendants.

CV F 04 6604 OWW WMW PC

ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

     Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the Court is the December 27, 2006, first amended complaint.

     In an earlier order dismissing the original complaint, the Court noted the followig. Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison, brings this civil rights action against defendant correctional officials for conduct that occurred while Plaintiff was housed at Corcoran State Prison (CSP) and Pleasant Valley State Prison (PVSP). Plaintiff names the following individual defendants: James Yates, Warden at PVSP; Michael Bendon, Chief Medical Officer at PVSP; K. Nicholes, Staff Physician at PVSP; S. Raman, Physician at CSP; A. Loaiza, Physician at CSP;  D. Sylvester, Appeals Coordinator at PVSP; C. Rodriguez, Correctional Lieutenant at CSP.

     The allegations of the complaint stem from Plaintiff's medical treatment.   In November

of 2003, Plaintiff was transported to an outside medical facility for treatment.  Plaintiff was diagnosed with Valley Fever, a form of pneumonia.   Upon discharge from the outside hospital, Plaintiff was transported to the CSP Corcoran Acute Care Hospital.   Plaintiff was placed in administrative isolation.

Plaintiff was eventually discharged from the Acute Care Hospital.   Plaintiff filed an application "for inclusion of the benefits of the services, programs and activities of the department, . . . .by and under the Americans With Disabilities Act."   Defendant Sylvester denied the application on the grounds that the application contained "too much verbiage" and the activities "did not appear to be an ADA issue."

Plaintiff re-submitted his application, along with a memorandum "to which re-assert ADA qualification."  Plaintiff alleges that "to date, defendants Yates, Bendon, and Sylvester is yet to ensure plaintiff's mandatory personal interview of all claims made ripe by the evidence in this complaint."

Plaintiff files this complaint pursuant to 42 U.S.C. § 1983.  Plaintiff also claims a violation of the Americans With Disabilities Act, 42 U.S.C. § 12132.[1]

Section 1983 claims

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions

---

[1] In the first amended complaint, Plaintiff abandons his ADA claims.

of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id. at 1132.

In the order dismissing the original complaint, Plaintiff failed to charge any of the named defendants with conduct that amounted to deliberate indifference.  In order to state a claim, Plaintiff must allege specific facts indicating that each named Defendant knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.

In the first amended complaint, Plaintiff alleges that "he truly believes" that officials have knowledge of his condition.  Plaintiff alleges that "it is believable" that the Director of the California Department of Corrections and Rehabilitation knew of "the rise of this disease in massive numbers."

Plaintiff alleges that the Chief Medical Officer, Dr. Bendon, "should have known of this

sickness and all the counter action, which should have been arbitrated through the medical department, therefore, I would not have been retained in PVSP's hospital by Dr. Nicholes, for 2 days, to allow me to become worse, possibly more endangered, before sending me to the outside hospital." Am. Compl., p. 8.

Plaintiff alleges that when he was transferred to CSP Corcoran and placed in the prison hospital, he was seen by Dr. Ramen and A. Loaiza, "whom both confirmed to me that they had read the hospital (Mercy) discharge papers and that I wasn't supposed to get amphotericin B any longer, which may have something to do with the lung mass I'm having today, for not being given the proper medicine for its' length of time." Am. Compl., p. 9.

As noted in the order dismissing the original complaint, Plaintiff may not level conclusory allegations against Defendants. Plaintiff must allege facts indicating that each defendant knew of and disregarded a serious risk to Plaintiff's health, resulting injury to Plaintiff. Here, the only specific conduct charged to any of the Defendants is that Defendants Ramen and Loaiza were aware that Plaintiff was not supposed to be prescribed amphotericin B any longer. There is no other conduct charged to these Defendants.

As to Plaintiff's claims that prison officials should have known of Plaintiff's condition based upon "counter actions," liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege any facts indicating that any of the named Defendants participated in, or knew of and failed to prevent, the alleged wrongs.

Because Plaintiff has failed to cure the deficiencies identified in the order dismissing the original complaint, the first amended complaint must be dismissed. Plaintiff will, however, be granted leave to file a second amended complaint.

1       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
3  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
4  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
5  there is some affirmative link or connection between a defendant's actions and the claimed
6  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
7  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
9  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
10 complaint be complete in itself without reference to any prior pleading.  This is because, as a
11 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
12 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
13 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
14 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

15       In accordance with the above, IT IS HEREBY ORDERED that:

16       1. Plaintiff's first amended complaint is dismissed; and

17       2. Plaintiff is granted thirty days from the date of service of this order to file a
18 second amended complaint that complies with the requirements of the Civil Rights Act, the
19 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
20 bear the docket number assigned this case and must be labeled "Second Amended Complaint."
21 Failure to file an amended complaint in accordance with this order will result in a
22 recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   February 28, 2008**         /s/  William M. Wunderlich
                                         UNITED STATES MAGISTRATE JUDGE