IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY TATE,

    Plaintiff,                        1: 04 CV 06604 OWW WMW PC

vs.                                ORDER RE: FINDINGS &
                                        RECOMMENDATIONS (#33)

JEANNE WOODFORD, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se in this civil rights action.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

       On June 30, 2008, findings and recommendations were entered, recommending dismissal of this action for failure to state a claim upon which relief can be granted.   The recommendation of dismissal noted that Plaintiff, proceeding against correctional officials on a claim of deliberate indifference to his serious medical needs,  had failed to charge any of the named defendants with conduct that amounted to deliberate indifference.  In the order dismissing the original complaint, the court advised Plaintiff of the deficiencies, and granted him leave to file an amended complaint.

       In the order addressing the first amended complaint, the court noted that Plaintiff, as in

the original complaint, leveled conclusory allegations against defendants.  In that order, Plaintiff was specifically advised that he must allege facts indicating that each defendant knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.  The court noted that in the first amended complaint, the only specific conduct charged to any of the defendants is that Defendants Ramen and Loaiza were aware the Plaintiff was not supposed to be prescribed a particular medication.  There was no other conduct charged to these defendants.

Because Plaintiff failed to cure the deficiencies in the first amended complaint, the court dismissed the first amended complaint and granted Plaintiff leave to file a second amended complaint.   In the findings and recommendations, the court noted that Plaintiff restated generally the allegations of the first amended complaint.  The court noted that the second amended complaint suffered from the same defects as the original complaint and first amended complaint.  Plaintiff failed to allege facts supporting his conclusion that the defendants in this action knew of the harm to Plaintiff, and acted with disregard to that harm.  The court therefore recommended dismissal of th is action for failure to state a claim upon which relief could be granted.

On August 29, 2008, and September 4, 2008, Plaintiff filed responses to the findings and recommendations titlted as motions for support of review.  In these submissions, Plaintiff appears to register his objections to the findings and recommendations.  Plaintiff also asserts claims of bias on the part of the Magistrate Judge.  Plaintiff does not specifically seek recusal on a particular statutory ground.

The substantive standard for recusal, whether sought under 28  U.S.C. §144 or §455, is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) citing Unites States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted).  The alleged bias must stem from and "extrajudicial source." Liteky v. United States, 510 U.S. 540 (1994). "[J]udicial rulings alone almost never constitute a valid basis

for a bias or partiality motion." Id. at 555; Poland v. Stewart, 92 F.3d 881 (9th Cir. 1996). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." United States v. Conforte, 624 F.2d 869, 882 (9th Cir. 1980), cert. denied, 449 U.S. 1012 (1980) (a judge's views on legal issues may not serve as a basis for motions to disqualify). The crux of Plaintiff's motions is a claim that the assigned Magistrate Judge is biased. There are no allegations, claims or arguments that satisfy the above standard. Plaintiff's motion, construed as a motion for recusal of the Magistrate Judge, is denied.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on June 30, 2008, are adopted in full; and

2. This action is dismissed for failure to state a claim upon which relief can be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:   November 25, 2008**          /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE